# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Leda Dunn Wettre |
| v. | Magistrate. No. 25-13000 |
| LATIF GADSON | **CRIMINAL COMPLAINT** |

I, Eric Aviles, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Postal Inspector with the United States Postal Inspection Service, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_Eric Aviles (TAC)_
Eric Aviles, Postal Inspector
U.S. Postal Inspection Service

Postal Inspector Eric Aviles attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A) on this 27th day of January, 2025.

_Leda Dunn Wettre (TAC)_
Hon. Leda Dunn Wettre
United States Magistrate Judge

## ATTACHMENT A

On or about November 14, 2024, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

## LATIF GADSON,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely a mail carrier employed by the United States Postal Service ("Victim-1"), while Victim-1 was engaged in and on account of, the performance of Victim-1's official duties, and caused physical contact with, and inflicted bodily injury on, Victim-1.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

## ATTACHMENT B

I, Eric Aviles, am a Postal Inspector with the U.S. Postal Inspection Service. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, recorded communications, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about November 14, 2024, law enforcement officers responded to an apartment building in Paterson, New Jersey in response to a report of a kidnapping.

2. A mail carrier ("Victim-1") reported to law enforcement officers that Victim-1 had been delivering mail inside the apartment building when a man later identified as Latif Gadson ("GADSON") approached Victim-1 and grabbed Victim-1's buttocks with his hand. Victim-1 pushed GADSON away and attempted to leave the apartment building, but GADSON grabbed Victim-1 by the belt and pulled Victim-1 back inside the apartment building and then inside of an apartment unit. Victim-1 resisted being pulled by GADSON into the apartment unit by grasping the frame of the door, but GADSON continued to pull Victim-1 through the door, causing pain to Victim-1's arm. After GADSON had pulled Victim-1 inside the unit, he closed and locked the door.

3. After GADSON pulled Victim-1 inside the apartment unit, GADSON continued to physically struggle with Victim-1, eventually pulling Victim-1 onto the floor. Victim-1 was able to escape by unlocking the door and fleeing. Victim-1 reported to law enforcement officers that GADSON was still inside the apartment unit and provided a description of GADSON to law enforcement officers.

4. Law enforcement officers saw GADSON leave the apartment unit where Victim-1 had been pulled inside, and lawfully arrested GADSON.

5. Law enforcement officers reviewed footage from a security camera inside the apartment building with a view of the mailboxes where Victim-1 had been delivering mail. The footage showed GADSON placing his hand on Victim-1's buttocks, Victim-1 pushing GADSON away, and then GADSON grabbing Victim-1's belt and pulling Victim-1 inside the apartment unit as Victim-1 attempted to resist.

6. As a result of GADSON's actions, Victim-1 was impeded from continuing to deliver mail, which interfered with interstate commerce.